MINNEAPOLIS, St. PAUL & SAULT STE. MARIE RAILWAY COMPANY and another, Appellants, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*April 14—October 6, 1914.*

*Railroad commission: Refund of excessive freight charges: Review of order: Appeal: Affirmance on equal division.*

1. An order of the railroad commission, made under sec. 1797—37m, Stats., authorizing a refund of excessive freight charges is reviewable on appeal from a judgment of the circuit court affirming such order.
2. The justices of this court who participated in the decision being equally divided upon the question of the competency of the railroad commission to make a refund order in respect to charges for a joint haul which were based upon local rates theretofore fixed by the commission, a judgment of the circuit court sustaining such order is affirmed.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to annul a decision of the *Railroad Commission* that a freight rate applied by plaintiffs in transportation transactions with the Rhinelander Paper Company was exorbitant, and authorizing a refund of the difference between such rate and what would have been a proper joint

6]  AUGUST TERM, 1914.  103

Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm. 158 Wis. 102.

charge on the basis fixed by the *Commission* at the time of the decision complained of to govern future operations.

The order was entered April 12, 1912. It established a joint rate for the haul from Bagdad, Wisconsin, on the *Minneapolis, St. Paul & Sault Ste. Marie* line to Rothschild, Wisconsin, on the line of the *Chicago, Milwaukee & St. Paul Railway Company.* Prior thereto there had been no such rate and shippers paid the sum of two local rates, which as to plaintiffs had been regularly fixed by the *Railroad Commission.* No question of the reasonableness thereof was raised prior to the transactions in question, except incidentally by its being involved in the request for the establishment of a joint rate.

The plaintiffs commenced this action to avoid that portion of the order above referred to as to the refund, upon the ground that the *Railroad Commission* having regularly once adjudicated the question of what was a reasonable rate for the service in question, it had no jurisdiction to make a retroactive order.

The circuit court overruled that claim and dismissed the complaint with costs.

For the appellants there were briefs signed by *Sanborn & Blake,* attorneys for both appellants, and by *Alfred H. Bright* and *Kenneth Taylor,* counsel for *Minneapolis, St. Paul & Sault Ste. Marie Railway Company,* and *Burton Hanson, O. W. Dynes,* and *J. N. Davis,* counsel for *Chicago, Milwaukee & St. Paul Railway Company;* and the cause was argued orally by *Kenneth Taylor* and *John B. Sanborn.*

For the respondent there was a brief by the *Attorney General* and *Walter Drew,* deputy attorney general, and oral argument by *Mr. Drew.*

The following opinion was filed May 21, 1914:

MARSHALL, J. The order made by the *Railroad Commission* in respect to the refund is subject to review on appeal

from the judgment of the circuit court affirming it, as ruled in *Chicago & N. W. R. Co. v. Railroad Comm.* 156 Wis. 47, 145 N. W. 216.

As to whether the *Railroad Commission* was competent to make an order favoring a refund, since the charges involved were based on rates fixed by such *Commission*, the justices participating in deciding the case are equally divided, the writer and Justices TIMLIN and VINJE being in favor of the negative, while the CHIEF JUSTICE and Justices SIEBECKER and KERWIN favor the affirmative. Therefore, *ex necessitate,*

*By the Court.*—The judgment is affirmed.

SIEBECKER, J., dissents in part.

BARNES, J., took no part.

Upon a motion for a rehearing counsel for the appellants contended, *inter alia:* 1. The *Commission* has no power to order reparation when establishing a joint rate in lieu of two local rates. The appellants were under no common-law obligation to establish a joint rate. *Southern Pac. Co. v. Interstate Comm. Comm.* 200 U. S. 536, 553, 26 Sup. Ct. 330; *U. S. v. U. P. R. Co.* 188 Fed. 102, 111; *Little Rock & M. R. Co. v. St. L., I. M. & S. R. Co.* 41 Fed. 559, 562; *Kentucky & I. B. Co. v. L. & N. R. Co.* 37 Fed. 567; *Schneider v. Evans,* 25 Wis. 241. There is no common-law or statutory obligation to establish joint rates prior to action by the *Commission.* "Rates" or "charges" as used in the Wisconsin act do not include "joint rates." When a statutory provision deals with joint rates it specifically so states. In sec. 1797—37m, Stats., joint rates are not mentioned. Single-line rates are therefore the only rates meant, as shown by consistent usage in other parts of the act. Further, the word "carrier" is used in the singular, emphasizing the legislative intention to here deal only with rates established by a single carrier. 2. The *Commission* has no power to order

reparation when reducing commission-fixed rates. The general plan underlying the Wisconsin act is to allow the carrier to initiate rates subject to the reviewing power of the *Commission*. The *Commission's* function is primarily one of correction, not of initiative. It is natural, therefore, that the legislature in enacting sec. 1797—37m should have had in mind the usual and principal situation for which the act was drawn, *i. e.* where the carrier has fixed the rate and the *Commission* is revising it, and not the minor and exceptional case where the rate under review is one previously fixed by the *Commission* itself. A statute which allows the state to fix a rate, then fix a lower rate, and require the carrier to pay the difference between the two, is manifestly unfair.

The motion was denied, with $25 costs, on October 6, 1914.