PEOPLE *v.* ROBINSON.

1. CORPORATIONS — FILING ANNUAL REPORT—STATUTES—CONSTRUCTION.

Although section 5, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921, and section 7, Act No. 85, Pub. Acts 1921, as amended by Act No. 233, Pub. Acts 1923, each required the filing of annual reports by corporations, and the information required in each is different and should be furnished, where the secretary of State prepared a blank which embodied all the information required by both acts, the filing of same properly filled out by a corporation was a sufficient compliance with both acts, and there was no necessity for filing two separate reports.

2. SAME—STATUTES—CONSTRUCTION GIVEN STATUTES BY SECRETARY OF STATE SUSTAINED.

Where the secretary of State, with the approval of the attorney general, gave a practical construction to said acts, which has been indulged in for five or six years, and required the filing of only one report containing all the information required by both acts, such construction should not be overthrown by the courts, especially where to do so would render invalid every contract made by corporations in this State during that period.

3. SAME — CRIMINAL LAW — DISPOSING OF CONTRACT GOODS — STATUTES—CONSTRUCTION.

In a prosecution under 3 Comp. Laws 1915, § 15385, for fraudulently disposing of certain household goods obtained under a conditional sales agreement, the defense that the agreement was void because the seller, a corporation, had failed to file two separate reports as required by Acts Nos. 84 and 85, Pub. Acts 1921, *held*, not available, where the seller had filed one report containing all the information required by both acts.

Exceptions before judgment from recorder's court

[1]Corporations, 14a C. J. § 2201 (Anno); [2]Statutes, 36 Cyc. p. 1140; [3]Corporations, 14a C. J. § 2201 (Anno).

241—Mich.—32.

of Detroit; Skillman (W. McKay), J. Submitted January 12, 1928. (Docket No. 120.) Decided February 14, 1928.

Rose Robinson and Cloyd Beck were convicted of embezzlement under section 15385, 3 Comp. Laws 1915. Affirmed.

*Chawke & Sloan* and *William Shea,* for appellants.

*William W. Potter,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Frank B. Ferguson,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J. Defendants were convicted of violating section 15385, 3 Comp. Laws 1915. The information charged that they fraudulently embezzled and disposed of certain household goods on July 21, 1926, which they had obtained under a lease or conditional sales agreement the day before. There is one important question involved and but one meriting discussion. The goods were obtained under a lease or conditional sales agreement entered into with the Peoples Outfitting Company, a Michigan corporation. This corporation had filed a report with the secretary of State, the details of which report we shall presently consider. Defendants' counsel insist that this company was bound to file a report complying with section 5, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [173]), and another report complying with section 7, Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [9]), as amended by Act No. 233, Pub. Acts 1923, and that it had not done so, hence the contract was void, and that before defendants can be convicted of violating the statute above cited it must be established that there is a valid lease or conditional sales agreement. Counsel for defendants rely on *Mishke* v. *Eddy Realty Co.* (handed

down October 4, 1926, but not heretofore published), *post,* 501, to sustain their contention.

A rehearing was ordered in that case and for this reason the opinion has been withheld from publication. In the motion for rehearing the attorney general joined. At this writing the opinion on rehearing has not been prepared and the writer will, therefore, express his personal . views of the applicable law to the instant case.

Upon the rehearing in the *Mishke Case,* it has been made to appear to the court that after the enactment of Acts Nos. 84 and 85, Pub. Acts 1921, the secretary of State, whose duty it was under both acts to prepare blanks and furnish them to corporations, consulted with and was advised by the attorney general that if one blank was prepared which embodied all the information required by both acts, it could be used, and if properly filled out and filed would be a compliance with both acts. The acts were companion acts and . were approved on succeeding days. Both required the filing of reports during July and August. The blank was prepared and on the advice of the attorney general that it was a sufficient compliance with the requirements of both acts has since been used and is the only blank furnished to corporations by the secretary of State. After the amendment in 1923, the blanks used were made to comply with the amendment. A copy of the blank is before us. It requires to be furnished in substance all information that is required to be furnished by both acts. While in the beginning it recites that it is filed under Act No. 85, the 9th instruction is as follows:

"The filing of this report will also comply with the requirements of chapter 2, part 5, Act No. 84, Pub. Acts 1921, as to profit corporations."

The reports made on this blank are in duplicate, one for the secretary of State, and one is sent to the

county clerk. It was upon this blank that the Peoples Outfitting Company each year made its report.

I find no difficulty in agreeing that the purpose of requiring information is different in the two acts. The purpose in Act No. 84 is to furnish information to the public dealing with corporations; the purpose in Act No. 85 to enable the secretary of State to compute the tax, and I find no difficulty in agreeing that corporations are required to furnish the information required by both acts. But if all the information is embodied in one report, I see no necessity of filing two papers instead of one.

Nor do I think we should overthrow a construction indulged in for five or six years by the department administering the law, a construction which had the approval of the chief law officer of the State, especially when so to do would render invalid every contract made by over 16,000 Michigan corporations covering a period of years, and submit them and their officers to untold penalties without benefiting any one except the man who shirks the performance of his contract or the man who seeks to escape merited punishment for a violation of our criminal laws on technical grounds. I think the Peoples Outfitting Company was not an outlaw when it entered into the agreement, that the agreement was a valid one, and that the conviction should be affirmed.

NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.