SMITH, Superintendent of Banks, et al, Appellants, v. MORRIS, et al, Respondents.

(244 N. W. 391.)

(File No. 6803. Opinion filed September 27, 1932.)

For original opinion, see 58 S. D. 509, 237 N. W. 723.

*T. B. Thorson,* Special Counsel for Banking Department, of Rapid City, and *Leo D. Heck,* of Kimball, for Appellant.

*Null & Royhl,* of Huron, for Respondents.

POLLEY, J. This case is here on petition for rehearing. The original opinion will be found in 58 S. D. 509, 237 N. W. at page 723. The case was reversed on the authority of Smith v. Fischer, 58 S. D. 510, 237 N. W. 718, 720, 77 A. L. R. 524, but in the petition for rehearing our attention is called to certain questions not directly passed upon by the opinion in the Fischer Case.

Respondents' first contention is that appellant's assignments of error are not sufficient to present any question to this court, and cites and relies on what this court said in Roberts v. Shaffer, 36 S. D. 551, 156 N. W. 67. What is said in that case is not applicable to this. Appellant predicates error on the court's finding of fact No. 9. This finding as made by the court is not responsive to the pleadings, nor to the evidence; in fact, it is

utterly meaningless and the fact it purports to find is wholly immaterial to the issues in the case. The assignment points out very plainly the defect in the finding and sets out at length the facts that he contends are shown by the evidence. This presented to the trial court, on motion for new trial, the precise question involved. It might have been more logical for appellant to have submitted and requested a finding such as he thought the evidence warranted; but the findings were signed in his absence, and without having been submitted to him, and we do not see how he could have done otherwise than he did. We think the assignments are sufficient.

Respondents call our attention to another question that was not directly considered in the Fischer Case; and that is the interpretation that had been put upon sections 8980 and 8990, Rev. Code 1919, by the banking department since the enactment of those statutes. It had been the rule with that department, when excess loans had been made, to call upon the officials of the bank to have the loans reduced to within the legal limit. The bank officials would then call upon the debtors to make the required payment. If this was done the department considered that the law had been satisfied and the directors released from liability. It is urged by respondents that this construction of the law having been followed for so long a period of time should not now be disturbed by the court; citing Wisconsin v. Illinois, 278 U. S. 367, 49 S. Ct. 163, 72 L. Ed. 427; State v. Lumber Co., 321 Mo. 461, 12 S. W. (2d) 64; Huntsville Trust Co. v. Noel, 321 Mo. 749, 12 S. W. (2d) 751; U. S. v. Northern Pac. Ry. Co. (C. C. A.) 30 F. (2d) 655; Brewster v. Gage (C. C. A.) 30 F. (2d) 604; U. S. v. Payne (D. C.) 30 F. (2d) 960; Marinette, T. & W. Ry. Co. v. Railroad Commission of Wisconsin, 195 Wis. 462, 218 N. W. 724; Hennepin County v. Ryberg, 168 Minn. 385, 210 N. W. 105; Apartment Hotel Owners' Association v. New York, 133 Misc. 881, 233 N. Y. S. 553; Hoague-Sprague Corporation v. Meyer (D. C.) 31 F (2d) 583; New York Life Insurance Company v. Burbank, 209 Iowa, 199, 216 N. W. 742; People v. Robinson, 241 Mich. 497, 217 N. W. 902; State v. Smith, 49 S. D. 106, 206 N. W. 233. We are familiar with this rule, but we do not think it is applicable in this case. To what extent or for how great a period of time the rule has been followed by the banking department the record does

not disclose. It is not claimed that such rule is or has been the basis of property rights and to us does not seem to be a reasonable construction of the law. In the Fischer Case the excess loans had been reduced by the debtors to an amount within the legal limits. The directors contended that such payments relieved them from liability, but in reply to such contention in that case we said: "To put upon this law the construction contended for by the respondents would work a practical nullification of the law." The result of respondents' contention would be the same in this case. We are satisfied with the result reached in the original opinion in this case, and the petition for rehearing is denied.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.