STATE EX REL. ANDERSON and others, Respondents, vs. BARLOW, Commissioner of Taxation, Appellant.

*May 10—June 4, 1940.*

For the appellant there was a brief by the *Attorney General* and *James Ward Rector,* deputy attorney general, and oral argument by *Mr. Rector.*

For the respondents there was a brief by *Bull, Biart & Bieberstein* of Madison, and oral argument by *A. J. Bieberstein.*

A brief was also filed by *Padway, Goldberg & Tarrell* of Milwaukee, attorneys for the Wisconsin State Federation of Labor, as *amicus curiæ.*

ROSENBERRY, C. J.   We shall state the facts alleged in the complaint on behalf of the petitioner, Esther Anderson.   It will not be necessary to particularize the facts with reference to the length of employment, etc., of the other petitioners. The result is the same in all cases.   While the facts vary somewhat, they present the same questions for decision.

From the petition it appears that Esther Anderson is a citizen of Wisconsin; that she had been an employee in the Wisconsin tax commission since May 7, 1920; that she served continuously, first as clerk, then assistant clerk, then junior

clerk, and that by such service she acquired all the rights and privileges belonging to the position under ch. 16, Stats., known as the civil-service law; that she fully and faithfully performed all of the duties incumbent upon her as such employee.

That the defendant, Elmer E. Barlow, was appointed commissioner of taxation on the 3d day of October, 1939, which appointment was duly confirmed on the 4th day of October, 1939, and that the said Elmer E. Barlow is now the duly qualified commissioner of taxation of the state of Wisconsin; that on the 25th day of March, 1939, the petitioner received a notice signed "Wisconsin Department of Taxation, Elmer E. Barlow, Tax Commissioner," advising her that her services with the department would terminate on the evening of March 30, 1940; that on the 20th day of October, 1939, the defendant, Elmer E. Barlow, filed with the acting director of personnel a document known as a pay roll, which read as follows:

"State of Wisconsin—Department of Taxation.
"I hereby certify that the following named persons have been employed in the Department of Taxation in the positions named, during the month of October, 1939, and that they are entitled to pay in the amount set opposite their respective names.
"Signed this 20th day of October, 1939.
        "ELMER E. BARLOW, Tax Commissioner."

Upon said list appeared the name of Esther Anderson, junior clerk; that accompanying said pay roll was a letter addressed to the bureau of personnel, signed "State Department of Taxation, Elmer E. Barlow, Tax Commissioner," which read as follows:

"I am submitting herewith pay roll for the newly created Department of Taxation of the part of the month of October, 1939, in which this department has been in existence.

"The submission of this pay roll is not intended in any way to adopt or approve any of the employees. I have been unable to make a survey and determination of the employees in this department in the short period of time that I have had, as they are located in all sections of the state. I am therefore submitting this pay roll conditioned that no established right of any employee is determined by the submission of the same."

Thereafter the director of personnel duly certified the pay roll and the petitioner was paid the sum set opposite her name.

On November 23, 1939, a similar pay roll was filed for the month of November which was accompanied by a letter addressed to the bureau of personnel, signed "State Department of Taxation, Elmer E. Barlow, Tax Commissioner," which read as follows:

"The November pay roll for the Department of Taxation is being submitted, and I desire to call your attention to the fact that it has been impossible to make a complete survey of the department so as to determine the permanency of employees.

"I am assuming that the filing of this pay roll does not in any way eliminate the privilege contained in the law creating this department whereby it may be reorganized and employees discharged as the interest of the department may determine. I assume it will take at least two months to complete the survey that is being made at this time which I will be glad to discuss with you or the commissioner at any time."

The pay roll so submitted was certified and the petitioner was paid the amount stated therein as due her.

That thereafter on the 12th day of December, 1939, the 18th day of January, 1940, the 20th day of February, 1940, and the 20th day of March, 1940, the defendant, Elmer E. Barlow, tax commissioner, duly filed with the acting director of personnel a pay roll similar in form and character to that

described for the month of October, but no communication from the said Elmer E. Barlow accompanied said pay roll for December, January, February, and March; that said pay rolls were duly certified and the amounts designated as due the petitioner were paid; that the petitioner at all times covered by the submission of the pay rolls described had all the rights of a permanent employee in the competitive division of the classified service of the state of Wisconsin, guaranteed her by the provisions of ch. 16, Stats.; that no charges have been filed against the petitioner or any reason assigned for her discharge.

It is further alleged on information and belief that the defendant Elmer E. Barlow requested the bureau of personnel to conduct competitive examinations for the position of deputy supervisor of assessments; that said examination was duly conducted; *that said bureau of personnel has duly certified from the list resulting from such examinations the names of eligibles, and that the defendant has made appointments to said position of deputy supervisor of assessments* of persons now serving therein, and intends to make further appointments to such positions, and that the duties assigned or to be assigned to such persons are identical with those of some of the petitioners. It is further alleged—

"on information and belief, that the aforesaid discharges of said petitioner employees were illegal, arbitrary, not done in good faith, without cause therefor, were made for political reasons."

It is further alleged that the rules of the bureau of personnel require that when a reduction in force is made, permanent employees shall be laid off in inverse order to their length of service, unless cause is shown therefor; that persons have been retained in employment in the department of taxation whose length of service is less than that of the petitioner; that the employment of the petitioner was not exempt

from the provisions of ch. 16, Stats., and is subject to the civil-service law of the state of Wisconsin.

It is further alleged upon information and belief that a demand for reinstatement made upon the defendant would be useless, and the petitioner seeks an order reinstating her in her position as an employee and the restoration of her name to the pay roll of the department of taxation.

In order to present the question for decision it will be necessary to outline the background of the controversy presented by the pleadings in this case. Prior to September 6, 1939, there was in existence a state board known and designated as the tax commission. This tax commission was created by ch. 380, Laws of 1905, now sec. 73.01, Stats. 1937. It was composed of three commissioners appointed by the governor and confirmed by the senate. The form of its organization was prescribed by sec. 73.02, its powers and duties were defined by sec. 73.03. Ch. 412, Laws of 1939, published September 6, 1939, repealed secs. 73.01 and 73.02, Stats., thus abolishing the state board known as the tax commission. Sec. 7 of ch. 412 provides :

"The members of the tax commission at the effective date of this act shall continue to hold office and to exercise the functions, powers and duties heretofore vested in them, except as otherwise provided in this section, until the appointment and qualification of the commissioner of taxation and two or more members of the board of tax appeals, at which time the tax commission as provided for in section 73.01, statutes of 1937, is abolished. . . ."

A new section numbered 73.01, Stats., was created which, in part, provides :

"There is created a separate department of state government to be designated and known as 'Wisconsin Board of Tax Appeals' which shall be composed of three members. The word 'board' as used in this section, and the words 'board of tax appeals' used elsewhere in the statutes, refer to said Wisconsin board of tax appeals."

The act also created a new section numbered 73.02, Stats. Sub. (2) thereof provides:

"The governor by and with the advice and consent of the senate shall appoint a commissioner of taxation, who shall serve for a six-year term."

Sub. (3) requires the department of taxation to consist of five divisions.

Sub. (4) provides that the commissioner should appoint a single head for each division.

On behalf of the respondent it is contended that ch. 412, Laws of 1939, applies only to new positions; that the functions of employees of the tax commission continued, and that the act creating the department of taxation did not separate the respondent from the state service; that she is therefore entitled to all her legal rights under the civil-service law. The defendant contends that by virtue of sec. 6 of ch. 412 he was given the right to select employees of the department of taxation from the employees of the tax commission which was abolished by the chapter or from the eligible civil-service list, certified by the bureau of personnel pursuant to the provisions of ch. 16, Stats. He further contends that his right of selection of personnel is inconsistent with any assumption that the petitioner continues in her status as a permanent employee in the newly created department.

The controversy turns upon the construction to be given to sec. 6 of ch. 412, Laws of 1939, which, so far as material, is as follows:

"The personnel of the present tax commission may be selected in whole or in part by the state department of taxation herein created, or the said department herein created may select its personnel in whole or in part from the eligible civil-service lists."

If sec. 6, ch. 412, Laws of 1939, be construed as petitioner contends it should be construed, and it be held to apply only to new employees who may be brought in to the newly created

department of taxation, it follows that her other contention, that is, that she continued to be an employee and entitled to all the benefits of ch. 16, Stats., is correct.

A reading of sec. 6, ch. 412, Laws of 1939, indicates clearly that in the selection of its personnel the newly created department was given an option or choice as to its employees, (1) they might be selected in whole or in part from the employees of the tax commission then in course of being abolished; (2) they might be selected from the eligible civil-service lists. The language of the section is not very aptly chosen. The respondent contends that by the term "eligible civil-service lists" is meant the same thing as "the personnel of the present tax commission," and therefore can only apply to new positions. Respondent's contention is based upon ch. 16, Stats., and the rules of the bureau of personnel.

16.23 (2) provides: "Any person who has held a position by permanent appointment under the civil-service law and rules and who has been separated from the service without any delinquency or misconduct on his part but owing to reasons of economy or otherwise, may be reinstated within one year. . . ."

Rule VI (1) provides: "Whenever an appointing officer notifies the bureau of a vacancy or vacancies, the highest ranking name on a departmental re-employment list shall be recommended," etc.

It is the contention of the respondent that persons whose names appear in this re-employment list are the persons referred to by the term "eligible civil-service lists," in sec. 6, ch. 412, Laws of 1939. Construed, as petitioner construes it, separations from the service would place the employee on this list, and when appointments were made the person would be eligible for reappointment. The result would be that the retired person would be continued in the service. This argument, if it proves anything, proves too much because it gives the newly created department of taxation no option or choice whatever as to the selection of its original personnel. Sec.

16.18, Stats., provides that appointing officers shall give written notice to the bureau of personnel of the existence of any vacancies to be filled in any office or employment in the competitive divisions, whereupon it becomes the duty of the director to certify from the register of eligibles appropriate for the grade and class in which the position is classified, the three names at the head thereof. The eligibles so certified must always be those candidates who have been graded highest in an examination pursuant to the provisions of the act. If sec. 6, ch. 412, Laws of 1939, be construed so as to give the department of taxation a right of selection, either from the personnel of the tax commission or from the eligible list so certified, the department then has an option or choice. That it was intended that it should have some option or choice is clear from the language of the section. This conclusion is further supported by the fact that the assembly bill as introduced which afterward became ch. 412, contained the following provision:

Sec. 6. "Employees of the tax commission who are employed under the provisions of ch. 16, shall be continued in the positions which they occupy at the time this act takes effect, or shall be transferred to other positions in the department of taxation in accordance with the provisions of the civil-service law and rules after due consideration of the needs of the department."

By adoption of amendment No. 3, A., to Bill No. 689, A., the language of the section as it now stands was introduced. When the bill reached the senate an effort was made to restore the language as it stood in the original bill. This amendment was lost.

We reach the conclusion that sec. 6, ch. 412, Laws of 1939, should be so construed as to give the department of taxation a choice as to its personnel which might be taken from the former employees of the tax commission or from "the eligible civil-service lists," which means the list certified to it as the result of examinations.

The respondent relies very strongly upon *State ex rel. Nelson v. Henry* (1934), 216 Wis. 80, 256 N. W. 714. That, however, was an act quite different from ch. 412, Laws of 1939. That act merely abolished the office of state inspector of illuminating oils and created the state inspection bureau in charge of the state treasurer. Nelson was a deputy oil inspector. He was discharged by the state treasurer and sought reinstatement. The act creating the new office (ch. 461, Laws of 1933) provided:

Sec. 8. "All employees now employed in the department and bureaus affected by this act shall be eligible to appointment in the bureau created hereunder and shall be given preference in such employment and appointment."

It was pointed out in the opinion in that case that it was the intent of the legislature to continue existing employees in their positions. When the bill creating the chapter was in the legislature an amendment was offered striking out of the section the provision "shall be given preference in such employment and appointment." This amendment was rejected and this court held that the intention of the legislature to protect employees against displacement was clearly evidenced thereby. In this case the situation with respect to rejection of amendments is just the reverse.

The respondent further contends that the legislature of 1939 when it intended that the civil-service law was not to apply to newly created departments used language clear and appropriate for that purpose and bases her contention upon sec. 2, ch. 85, Laws of 1939, sec. 93.02 (8) (e), Stats. 1939. Ch. 85 was the act which abolished the department of agriculture and markets as it existed immediately prior to the taking effect of the act and created the state department of agriculture.

Sec. 2, ch. 85, Laws of 1939, sec. 93.02 (8) (e), Stats. 1939, is as follows:

"The director shall appoint all staff necessary for the carrying out of the duties of this department, all of whom shall

be subject to the civil-service law except heads of divisions created under subsection (9). Each division shall have a single head appointed by the director with the approval of the board. In the appointment of the staff the director may examine any employee of the department of agriculture and markets as it existed prior to the taking effect of this section, as to the qualifications, experience, efficiency, fitness and performance of such employee and may dismiss or demote any such employee if he believes it to be for the best interest of the state service."

We fail to get the point of counsel's argument because sub. (8) (e) specifically provides that the civil-service law shall apply except to the heads of divisions. That part of the subsection quoted by counsel in his brief beginning "In the appointment of the staff" conferred upon the director the power to dismiss or demote, but gave no option or choice to the director and specifically made the appointment subject to the civil-service law as to everyone except heads of divisions.

While the phrase in sec. 6, ch. 412, Laws of 1939, "the eligible civil-service lists," is not as definite as it might be, when it is considered that the personnel of the newly created department of taxation was to be selected by the director and no part of the personnel was continued by the terms of the act, a reasonable construction of sec. 6 requires us to hold that the term "eligible civil-service lists" means something other than the list of employees who have been separated from the state service without fault and were eligible to re-appointment. Construed otherwise the section becomes practically meaningless. If sec. 6 had been omitted and new appointments were to be made they would be made under the civil-service law from the preferred lists. Ch. 16, Stats., applies to all appointments to the classified service. As used in sec. 6, ch. 412, Laws of 1939, the words "eligible civil-service lists" did not mean departmental re-employment lists. The commissioner of taxation has a choice of lists as well as a choice of individuals.

The tax commission having been completely abolished, its employees were by that act separated from the state service and were not connected with the state service until they were re-employed by the new department of taxation or in some other department of the state government pursuant to law and the rules of the civil service commission.

On behalf of the respondent it is further contended that if it be held, as we now conclude it should be, that the respondent was separated from the state service by the abolition of the tax commission, she has been in effect selected by the new department of taxation so as to bring her under the civil-service law. This contention is based upon the claim that respondent has served six months in the newly created department and so completed her probationary period in the new department and is entitled to permanent tenure in that department. As already set out in the statement of facts, the respondent as well as other employees of the tax commission continued to render services after two members of the tax board of appeals and the commissioner of taxation had qualified, which occurred on or about October 5, 1939, or about one month after the passage of ch. 412, Laws of 1939. When the commissioner of taxation certified the pay roll, the certificate was accompanied by a letter which has already been set out in the statement of facts, in which it was specifically stated that it was submitted upon condition that the right of any employee to be continued should not be established thereby. A similar letter and somewhat more specific was submitted with the November pay roll. December, January, February, and March pay rolls were not accompanied by a letter, the tax commissioner having stated in his letter in November that he was employed upon a survey which would take at least two months to complete. It apparently took longer, and on March 25, 1940, the petitioner received notice that her connection with the department of taxation was terminated. The tax commission did not go out of existence

with the publication of ch. 412, Laws of 1939. It continued by the express provisions of the statute until such time as two members of the board of tax appeals and the commissioner of taxation should be appointed and confirmed. This operated of course to extend the employment of the employees of the tax commission. The respondent had not served in the newly created department for six months when she was discharged on March 25, 1940.

The legislature could not have intended that the commissioner of taxation should be compelled to exercise the power conferred upon him by sec. 6, ch. 412, Laws of 1939, with reference to selection of personnel upon the very first day he took office. It must have been within the contemplation of the legislature that he would have a reasonable time in which to familiarize himself with the work of the department, the efficiency of its employees, the needs of the service, and other considerations which would affect the reorganization of the department as contemplated by the act. While he made it clear to the director of the bureau of personnel that he was making no choice, he did not inform the respondent of that fact. We see no ground upon which the respondent may complain of the failure of the tax commissioner to notify her that he was not making a selection. She was continued in the service of the state, she received her compensation, and it does not appear that she was in any way injured or her rights in any way impaired by the failure of the commissioner to notify her that he was postponing his decision as to her status. He had under the act a reasonable time in which to reach a decision. No facts or circumstances are alleged in the petition which show that the time he took was an unreasonable time.

It is contended by counsel *amicus curiæ* on behalf of the respondent that the petitioner having once acquired definite civil-service status, this status must be regarded in the nature of a property right of which the owner thereof is not to be

lightly deprived at the whim or caprice of a subsequent legislature or of a departmental head. Rights under the civil-service law are conferred by act of the legislature. What the legislature may give it may take away. This court has nothing whatever to say with respect to the policy of the law. All questions of public policy are primarily for the legislature as this court has held many times. In this country there is no vested or contract right to an office. *Butler v. Pennsylvania,* 10 How. 402, 13 L. Ed. 472. See 4 A. L. R. 205.

Counsel for respondent by his argument concedes that the power of dismissal and demotion in the act creating the department of agriculture was properly conferred. If so, it in effect amended ch. 16, Stats. What the effect of a discharge under that chapter would have upon the tenure rights of an employee, we are not prepared to say. Certainly there is nothing in the provisions of ch. 412, Laws of 1939, which impairs the respondent's right under the civil-service law except she is not continued in the newly created department. Abolishing the tax commission separated the respondent from the state service but left her with such rights under the civil-service law as she may have had.

The respondent alleges that her discharge was made for political reasons. No reference is made in respondent's brief to this allegation. Sec. 16.14, Stats., in part, provides:

"No discriminations shall be exercised, threatened, or promised, by any person in the civil service against or in favor of any applicant, eligible, or employee in the classified service because of his political or religious opinions or affiliations."

It appears, however, from the allegations of the complaint that all selections were made under the provisions of the civil-service law. If the commissioner of taxation was authorized to select from the eligible civil-service lists produced by examinations, his reason for selecting the particular appointee may not be drawn in question. The reason he chooses from

one list rather than from the other, he having jurisdiction to choose from either, is a matter not subject to judicial inquiry. *State ex rel. Nelson v. Henry* (1936), 221 Wis. 127, 132, 266 N. W. 227.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.