STATE EX REL. NEW STRAND THEATRE COMPANY, Appellant, vs. COMMON COUNCIL OF THE CITY OF RACINE and others, Respondents.

*March 7—April 1, 1930.*

For the appellant there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt.*

*Cornelius Colbert,* city attorney of Racine, for the respondents.

CROWNHART, J. Coming directly to the merits of the case, and assuming that the amended petition was before the

court and duly considered, the question is: Do the facts stated in the petition show that the petitioner is entitled to a license to continue to run the dance hall?

The petitioner is a corporation. It is objected that its application for a license was not signed by its president and secretary as required by ordinance. The petitioner contends that such failure is a mere matter of detail, and that such objection has no merit. There seems to have been a good purpose in having the application signed by the responsible officers of the corporation. It is provided in the ordinance that the application for, and the acceptance of, a license constitutes an agreement on the part of the licensee to conform to all the requirements of the ordinance. The proper execution of the application was therefore a condition precedent to its consideration. It is further contended that the provision was waived by the city by course of conduct. There is some merit to this contention, as the license was not denied on the ground that it was not properly signed, and it had been the practice for years to issue such licenses without compliance with that provision of the ordinance. However, there is a serious question whether municipal officers may waive the provisions of a valid police regulation. The better rule is that the provisions of the ordinance are conditions precedent. 33 Corp. Jur. p. 543; 37· Corp. Jur. pp. 238, 241; 43 Corp. Jur. p. 258; *Russell v. State,* 77 Ala. 89; *Corbett v. Duncan,* 63 Miss. 84; 38 Corp. Jur. p. 575; *State ex rel. Fidelity & Cas. Co. v. Fricke,* 102 Wis. 107, 77 N. W. 732, 78 N. W. 455; *Walsh v. State,* 180 Wis. 356, 192 N. W. 1004.

Further, it appears that the application was not signed by the owner of the premises as required by the ordinance. This is a reasonable requirement. See *State ex rel. Wasserman v. O'Brien, ante,* p. 356, 230 N. W. 59.

The application was not approved by the chief of police, as required by the ordinance. This would seem to be an

essential requirement. See *Hogan v. Beloit*, 175 Wis. 199, 184 N. W. 687; *Mehlos v. Milwaukee*, 156 Wis. 591, 606, 146 N. W. 882.

The court has discretion as to the issuing of a writ of *mandamus* directed to a public officer. The order of the court will not be reversed except for abuse of such discretion. The duty of the public officer must be clear before the writ should issue commanding him to perform.

In view of the substantial failure of the petitioner in making application for a license to comply with the requirements of the ordinance relating thereto, we hold there was no abuse of discretion by the court in denying the petition and in quashing the alternative writ. 38 Corp. Jur. p. 575; *State ex rel. O'Donnell v. Benzenberg*, 108 Wis. 435, 84 N. W. 858.

*By the Court.*—The order of the circuit court is affirmed.