LIST and wife, Copartners, Respondents, v. FESTGE, County Clerk, and others, Appellants.

*January 5—February 2, 1960.*

For the appellants there was a brief and oral argument by *Joseph W. Bloodgood,* district attorney of Dane county, and *James W. Cassidy,* assistant district attorney.

For the respondents there was a brief by *Thronson & Thronson* of Madison, and oral argument by *Lowell T. Thronson.*

BROWN, J.   We consider that the judgment which affects the county board, its chairman, and their action revoking the license was granted in error and the writ of mandamus implementing the erroneous judgment commanding the board to act was issued in an abuse of discretion.   We reach this conclusion because the attempt to implead the chairman and the county board is fatally defective and the trial court failed to obtain jurisdiction over them.   Sec. 260.19, Stats., authorizes a court to order parties brought in when their

presence is necessary for a complete determination of the controversy or where their presence is required for their own protection, but when the court orders that such parties be joined, sec. 260.20 requires:

"PROCEEDING AFTER NEW PARTIES ADDED. Where the court orders the addition of another party under sec. 260.19, the order shall provide that the summons and the title of the action be amended as necessary, and that the amended summons, together with a copy of the original complaint, the order, and the answer and cross complaint with the title amended, be served by the applicant on the additional party within a prescribed time. The order shall also be served within such time on all other parties to the action. Within twenty days after such service of the order, any party may serve amended or responsive pleadings."

The official circuit court reporter attended all the proceedings in the trial court. The record on appeal contains transcripts of each of the hearings and to them the reporter has attached his certificates stating that such transcripts are the proceedings, and are all such proceedings and are accurately transcribed. We have studied these transcripts and the transcript of the May 22d hearing does not mention any order by the court, or any intimation of an order, that the court then ordered the board and the chairman to be brought in as parties to the proceedings. The transcript of the June 8th proceeding contains a statement by the trial judge that he had intended to order such parties brought in but that evidently he had not made himself clear. The court did not then rectify any such omission by entering such an order nor did the attorney for the petitioners understand even then that the additional parties had been joined or impleaded because in counsel's next motion, to revive his petition, he did not include such new parties in the title of the proceeding and he did not include any prayer for relief against anyone except the county clerk.

Whatever else may be said concerning the fact of impleader by the court order and misunderstanding concerning it, there is no record that an order of impleader was ever entered or signed nor was any served upon the parties so alleged to have been joined nor were any notices of their joinder served upon them. And there was no service upon them of any of the papers which sec. 260.20, Stats., *supra,* requires to be served upon them.

Under such circumstances the trial court gained no jurisdiction over the county board and its chairman and the judgment declaring void their action respecting the license, and the writ issued against them in reliance on the judgment are nullities.

Next we examine the writ of mandamus which orders the county clerk to issue the permit for the public dance for which the Lists had applied and for permits for which hereafter they may regularly apply. It is well settled that, "There must be shown a clear legal right to the writ. . . . The writ will not issue to compel the performance of what would be unlawful, or to enforce what would be without authority of law." *State ex rel. Smith v. Drake* (1892), 83 Wis. 257, 260, 261, 53 N. W. 496.

*"Illegal, Wrongful, or Prohibited Acts.* Mandamus is an extraordinary remedy, granted on equitable principles to enforce obedience to law. That being its proper function, the writ will not issue if it appears that no duty rests upon the respondent to perform the act in question or that the act is unauthorized. Nor will it lie to compel a public officer to do a particular thing which his superior in authority has lawfully ordered him not to do. Much less will the writ be awarded to coerce the performance of acts which are forbidden by statute or law, or are contrary to public policy, or tend to aid in an unlawful purpose or transaction." 34 Am. Jur., Mandamus, p. 866, sec. 76.

And the writ should not issue unless the duty of the public officer to perform the act is clear. *State ex rel. New Strand T. Co. v. Common Council* (1930), 201 Wis. 423, 424, 425, 230 N. W. 60.

To obey this writ the clerk must disregard and ignore the present revocation of the Lists' dance-hall license by the county board. The clerk's duty is the ministerial one of issuing permits when conditions precedent are complied with. One of such conditions is that the person or persons who conduct public dances must have a license from the county board. The county clerk knew that the board had revoked the Lists' license and they were unlicensed at the time they made their application. In his ministerial capacity the clerk does not determine that the board exceeds its powers in revoking the license nor has he legal power and authority to issue permits in defiance of the board's decision. If the clerk issued the permit and the revocation of the license was finally adjudicated to have been valid (and there has not yet been a contrary adjudication by a court having jurisdiction), the clerk would find himself in a predicament, indeed. Certainly there was then no clear, positive, legal duty of the clerk to disregard the action of the county board or, regarding it, ignore the ordinance which requires an existing license and, nevertheless, issue the permit.

We think that the trial court abused its discretion in issuing that part of the writ directed to the county clerk.

*By the Court.*—Judgment reversed; writ quashed.