WALTER LAEV, INC., Respondent, v. KARNS, Administrator, Division of Motor Vehicles, Appellant.

*No. 1. Argued September 4, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 227.)

For the appellant the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Glassner, Clancy & Glassner* and oral argument by *Albert Solochek,* all of Milwaukee.

HANLEY, J.  The issues on this appeal are: (1) Is mandamus an available remedy to review the action of the administrator in refusing to issue a certificate of title; and (2) on denial of the motion to quash the alternative writ, should the court have allowed a return to be filed?

### Availability of Mandamus.

The appellant contends that under secs. 342.06 (1) (e), 342.11 (3), 342.17 (1), and 342.18 (2), Stats., an applicant for a certificate of title, after an involuntary transfer, must present the following information:

(1) The old certificate of title, if available;

(2) a fee of $1;

(3) an application on the form provided; and

(4) the other documents required by law and by the division.

It is undisputed that Walter Laev, Inc., presented the following in its application for title:

(1) An affidavit reciting that repair work had been done to a certain described vehicle, that the repair work

had not been paid for, that a notice of foreclosure sale was prepared and served upon the owner and the secured third party, that pursuant to the notice the petitioner offered for sale and sold the vehicle in accordance with the Wisconsin statutes to the highest bidder, that Walter Laev, Inc., was the highest bidder at $225, that the amount of Walter Laev's claim was over $225, and that Walter Laev thereupon took possession of the property;

(2) a check for $1;

(3) a copy of the notices of sale; and

(4) a request for a certificate of title.

The division of motor vehicles rejected the application because Walter Laev, Inc., did not obtain and forward a release of the third-party security interest from the Local Loan Company, Kenosha, Wisconsin. Both parties agreed on this appeal that it would be quite impossible to get a release from the Local Loan Company since the underlying obligation which formed the basis for the security interest had not yet been satisfied.

". . . Mandamus is a summary, drastic, and extraordinary writ issued in the sound discretion of the court. Although classed as a legal remedy, mandamus is equitable in its nature and its issuance is generally controlled by equitable principles. The rights of the public and of third persons may be considered." *State ex rel. Sullivan v. Hauerwas* (1949), 254 Wis. 336, 340, 36 N. W. 2d 427.

"Mandamus is the proper remedy to compel public officers to perform duties arising out of their office and presently due to be performed." *State ex rel. West Allis v. Zawerschnik* (1957), 275 Wis. 204, 206, 81 N. W. 2d 542.

". . . the writ should not issue unless the duty of the public officer to perform the act is clear." *List v. Festge* (1960), 9 Wis. 2d 297, 303, 101 N. W. 2d 51.

In *Menzl v. Milwaukee* (1966), 32 Wis. 2d 266, 276, 145 N. W. 2d 198, the court stated:

"Moreover, it is an abuse of discretion for a court to compel action through mandamus when the officer's duty

is not clear and unequivocal and requires the exercise of the officer's discretion. . . . But it is equally well settled that a writ of mandamus will issue to enforce the performance of plain imperative duties of a ministerial character imposed on executive agencies."

It clearly appears that Walter Laev, Inc., has done everything physically possible to obtain a certificate of title in this situation. It is equally clear that the administrator of the division of motor vehicles performs a ministerial function in issuing a certificate of title once there has been compliance with the statutes.

Here the administrator contends, however, that since he has the function under the statutes of determining what "other" documents the division may require for a legal transfer of title, he must necessarily use his discretion so that the issuance of a title certificate becomes a nonministerial or discretionary duty. The administrator further contends that any party who is aggrieved by a discretionary decision of an administrative agency has only one form of relief, that being a judicial review under the Administrative Procedure Act.[1] The administrator concludes by arguing that:

". . . Mandamus may not be maintained if some other plain, adequate, and complete remedy exists." *Burke v. Madison* (1962), 17 Wis. 2d 623, 631, 117 N. W. 2d 580, 118 N. W. 2d 898.

It seems that the administrator misunderstands his discretion here.

---

[1] "227.15 **Judicial review; orders reviewable.** Administrative decisions, which directly affect the legal rights, duties or privileges of any person, whether affirmative or negative in form, except the decisions of the department of taxation, the commissioner of banks and the commissioner of savings and loan associations, shall be subject to judicial review as provided in this chapter; but if specific statutory provisions require a petition for rehearing as a condition precedent, review shall be afforded only after such petition is filed and determined."

" 'Every statute to some extent requires construction by the public officer whose duties may be defined therein. Such officer must read the law, and he must therefore, in a certain sense, construe it, in order to form a judgment from its language what duty he is directed by the statute to perform. But that does not necessarily and in all cases make the duty of the officer anything other than a purely ministerial one. If the law direct him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then that act is ministerial, although depending upon a statute which requires, in some degree, a construction of its language by the officer.' " *Roberts v. United States ex rel. Valentine* (1900), 176 U. S. 221, 231, 20 Sup. Ct. 376, 44 L. Ed. 443, as cited in *State ex rel. Krause v. Jones* (1928), 196 Wis. 464, 468, 220 N. W. 373.

When a person has supplied all of the information and all of the documents that the law can reasonably require him to supply, the duty of the administrator is to issue the title certificate. Walter Laev, Inc., did provide the division of motor vehicles with all reasonable documents. When the title certificate did not issue, mandamus was a proper remedy.

Since the function of the administrator was purely ministerial here, we need not decide whether a party's sole remedy is a ch. 227 review when he is aggrieved by a nonministerial administrative agency decision.

*The Return to the Alternative Writ.*

As his second ground for appeal, appellant contends that even if mandamus was proper in this action, the trial court should have allowed the filing of a return to the alternative writ of mandamus. When the trial judge decided against appellant's motion to quash, the defendant-appellant having failed to appear on the motion, the court immediately proceeded to judgment awarding a peremptory writ.

Pursuant to sec. 293.01, Stats.,[2] the return date on the alternative writ was February 12, 1968. The motion to quash was interposed before the return date.

"The motion to quash the alternative writ of *mandamus* is in effect a demurrer and admits the allegations of fact contained in the petition." *State ex rel. Nelson v. Henry* (1934), 216 Wis. 80, 84, 256 N. W. 714.

Although the statutes do not indicate whether a return should be allowed as a matter of right after the denial of a motion to quash, a continued comparison with the procedure used after a demurrer is helpful.

After a demurrer has been overruled, the trial judge may, in his discretion and upon such terms as seem just, allow the party to plead over or to withdraw the demurrer.[3] The party who has had a ruling on a demurrer go against him inevitably gets a chance to replead, but he is assessed costs on the demurrer. *Hyman v. Susemihl* (1908), 137 Wis. 296, 118 N. W. 837; *Case v. Fuldner* (1901), 110 Wis. 568, 86 N. W. 163.

From a logical standpoint, the same procedure should be allowed when a motion to quash is denied. There is some old case law supporting this view.

---

[2] "**Mandamus, return to first writ.** Mandamus is a civil action. The writ of mandamus shall specify the time within which the defendant shall make return thereto. Before such time expires the defendant may move to quash the writ and such motion shall be deemed a demurrer to the complaint."

[3] "**263.46 Proceedings on decision of demurrer.** After the decision of a demurrer the court may, in its discretion, if it appear that the demurrer was interposed in good faith, allow the party to plead over or to withdraw the demurrer on such terms as may be just. If a demurrer to a complaint be sustained upon the ground that several causes of action have been improperly united the court may, in its discretion and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned."

In *State ex rel. Board of Education of Superior v. Hunter* (1901), 111 Wis. 582, 589, 87 N. W. 485, this court commented:

". . . we see no good reason why the usual practice of allowing a return to be made upon terms after the overruling of a demurrer [motion to quash] should not have been followed."

There was a stronger statement in a much older case:

". . . When a party altogether neglects or refuses to make return to an alternative writ of mandamus [no motion to quash having been entered], the moving party is not necessarily entitled to a peremptory writ upon his relation, but in such a case steps should be taken to enforce a return." *State ex rel. Holmes v. Baird* (1860), 11 Wis. 271, 272 (\*261).

Although there does not appear to be any reason why the administrator did not issue the requested title certificate, nonetheless the division of motor vehicles has not had a chance to be heard on the merits of this matter.

We conclude that upon denying the appellant's motion to quash, the trial court should have allowed the filing of a return. Therefore, the cause is remanded for further proceedings and the appellant is allowed five days from the date of the mandate to file a return. If the return is not filed timely, the judgment appealed from will stand affirmed.

*By the Court.*—That part of the judgment appealed from which denies the motion to quash is affirmed; that part of the judgment granting the peremptory writ is vacated and the cause is remanded. Respondent allowed costs.