STATE EX REL. HURLEY, Respondent, v. SCHMIDLEY, Clerk of Courts, Appellant.

*No. 167. Argued October 6, 1970.—Decided November 6, 1970.*
(Also reported in 180 N. W. 2d 605.)

For the appellant there was a brief by *Campbell, Brennan, Steil & Ryan* and *George K. Steil* and *James*

*E. Welker,* all of Janesville, and oral argument by *Mr. George K. Steil* and *Mr. Welker.*

For the respondent there was a brief by *Robert J. Ruth,* district attorney of Rock county, and *James M. Bablitch,* assistant district attorney, and oral argument by *Mr. Bablitch.*

ROBERT W. HANSEN, J. Here the court had issued an alternative writ of mandamus directed to the clerk of courts to either take the necessary steps to enable the petitioner police officer to be paid a witness fee, or, in the alternative, to show cause to the contrary. The trial court held the motion to quash such writ raised only a technical objection to the adequacy of the petition on its face. He did not rule on whether the petitioner was in fact entitled to a witness fee. The sole issue decided by the trial court was whether the remedy of mandamus was proper, and that is the sole issue with which this opinion deals.

Mandamus is a civil action,[1] a summary writ,[2] the petition constituting the complaint;[3] a motion to quash is equivalent to a demurrer to the complaint,[4] admitting the allegations of fact contained in the complaint.[5] Mandamus is the proper remedy to compel public officers to perform their statutory duties,[6] not to be issued unless

[1] Sec. 293.01, Stats.

[2] *State ex rel. Sullivan v. Hauerwas* (1949), 254 Wis. 336, 340, 36 N. W. 2d 427; *Walter Laev, Inc. v. Karns* (1968), 40 Wis. 2d 114, 118, 161 N. W. 2d 227.

[3] *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 238 N. W. 404, rehearing denied, 206 Wis. 651, 659, 240 N. W. 839.

[4] Sec. 293.01, Stats.; *State ex rel. Cabott, Inc. v. Wojcik* (1970), 47 Wis. 2d 759, 177 N. W. 2d 828.

[5] *State ex rel. Nelson v. Henry* (1934), 216 Wis. 80, 256 N. W. 714; *Will v. H&SS Department* (1969), 44 Wis. 2d 507, 171 N. W. 2d 378; *State ex rel. Cabott, Inc. v. Wojcik, supra.*

[6] *Cartwright v. Sharpe* (1968), 40 Wis. 2d 494, 162 N. W. 2d 5.

such duty is clear,[7] to be reversed on appeal only for abuse of discretion.[8]

Under the applicable statutes,[9] did the clerk of courts have a clear legal duty to certify the court attendance and mileage expenses of the applicant for witness fees? Appellant seeks to have the petition held defective on its face because it does not allege that petitioner presented to the clerk any affidavit of attendance or mileage. The trial court found that the clerk customarily and routinely furnishes to applicants a form for certifying attendance and mileage. Additionally, the court took judicial notice that clerks of court in Wisconsin uniformly use a perforated form in a book of numbered pages, the upper half being an affidavit to be signed by the witness, and subscribed and sworn to before the clerk, the lower half being the clerk's certificate, both halves bearing the same number. The court noted that such certificate book, with affidavit and certificate page to be numbered in sequence, was expressly provided for by statute,[10] and that providing such attendance form affidavits was accepted as a routine duty by clerks of court in this state. The trial court held it to be "inconceivable that today's statutes intend to compel a witness to draft his own affidavit or hire an attorney to draft it, or buy a form, and pay a notary in order to collect a witness fee." We agree with the trial court that the statutes, as well as custom and common sense, require the clerk to furnish the form affidavit for signing, and entitled the petitioner to expect that the service, routinely furnished others, would be available to him. Even if an area of discretion remains with the clerk, its ex-

[7] *List v. Festge* (1960), 9 Wis. 2d 297, 101 N. W. 2d 51.

[8] *Menzl v. Milwaukee* (1966), 32 Wis. 2d 266, 145 N. W. 2d 198.

[9] Secs. 885.05 and 885.08, Stats.

[10] Sec. 59.395 (3), Stats.

ercise cannot be arbitrary,[11] for to avoid a clear duty by arbitrary conduct constitutes an abuse of discretion.

The trial court held only that the petitioner was not required to prepare and present his own affidavit since the clerk had a clear duty to furnish a form affidavit from the numbered book. The trial court specifically did not reach nor rule on whether the petitioner was entitled to a witness fee, finding that to be the exact issue to be reached and resolved after the hearing on the alternative writ. In fact, the appellant was granted twenty days (subsequently extended) to answer over or make return as to such issue. Nonetheless, appellant urges this court to reach out for and rule on questions related to the entitlement of police officers or police pension funds [12] even though such questions were not briefed, argued nor ruled upon at the trial court level. The invitation is declined. The general rule remains that this court will not consider questions not presented to the trial court for consideration,[13] and there is no reason to do that here where the appellant can raise the issues as to entitlement in responding to the alternative writ. To the contention that this case is not presented by parties with sufficiently adversary positions, it is clear that the hearing on the writ will put on record the exact position of both parties, along with administrative rules that may be material and put in focus the claim of the petitioner and the defenses, including the affirmative defense of reliance upon a departmental regulation. There are obvious advantages to a lower court determination prior to any review by this court of the issue of police entitlement to witness fees. The argument that the narrow issue appealed is not the basic issue involved in this litigation cultivates

[11] *State ex rel. Knudsen v. Board of Education* (1969), 43 Wis. 2d 58, 67, 168 N. W. 2d 295.

[12] Sec. 62.13 (9), Stats.

[13] *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618.

the obvious. It should have been considered in determining whether an appeal was warranted when no more than a technical ruling, well short of reaching the merits, was all that there was to appeal and all that there is for us to decide.

*By the Court.*—Order affirmed.