MILWAUKEE COUNTY, Respondent, v. SCHMIDT, Secretary of Department of Health & Social Services, and another, Appellants. [Case No. 91.]

WOOD COUNTY, Respondent, v. SCHMIDT, Secretary of Department of Health & Social Services, and another, Appellants. [Case No. 354.]

*Nos. 91, 354. Argued June 2, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 777.)

For the appellants there were briefs by *Perina &
Rouse* and *Robert I. Perina,* all of Madison, and oral
argument by *Robert I. Perina.*

For the respondent Milwaukee county there was a
brief by *Robert P. Russell,* corporation counsel, and
*George E. Rice,* deputy corporation counsel, and oral
argument by *Mr. Rice.*

For the respondent Wood county there was a brief by
*Lawrence R. Nash,* corporation counsel, attorney, and
*Chambers, Nash, Pierce & Podvin* of counsel, all of Wis-
consin Rapids, and oral argument by *Lawrence R. Nash.*

CONNOR T. HANSEN, J.   Sec. 49.52, Stats., was created
by ch. 590, Laws of 1965, and became effective July 1,
1966.   Sec. 49.52 (1) provides for reimbursement to
counties of federal funds received by the state as grants
in aid for certain categories of public assistance.   Sec.
49.52 (2) (a) provides for reimbursement to counties by
the state of amounts expended by the counties for certain
categories of public assistance.   Sub. (2) (a) 1 of sec.
49.52 provides certain percentages which are to be paid
by the state for nonfederally reimbursed county ex-
penditures for those categories of assistance.   However,
sub. (2) (a) 4 of sec. 49.52 provides for reimbursement
by the state to counties of the excess costs in 1966–67
over the 1964–65 base year.

The following provisions of sec. 49.52, Stats. 1967, are pertinent to the instant case:

"(2) STATE AID. (a) The state aid to which any county shall be entitled shall be determined according to the amount expended by the county for aid to the blind, aid to families with dependent children, old-age assistance and aid to totally and permanently disabled persons including services and medical administration and child welfare services, mental hygiene services and other welfare services performed by the county agency administering such aids in co-operation with or at the request of the state department, pursuant to express authorization, *but excluding general relief,* after deducting the reimbursement received from federal funds pursuant to sub. (1) and paid as follows:

". . .

"4. If the *cost* for any county *as determined under this section* for 1966–67 exceeds the cost of the 1964–65 base year the county shall be reimbursed for the full amount of that excess. . . ." (Emphasis added.)

On October 30, 1967, the assistant administrator for the division of public assistance sent letters to the respondent counties informing them of the amount of reimbursement to which they were entitled as excess costs computed under sec. 49.52 (2) (a) 4, Stats. 1967. These letters showed that in computing excess costs under sec. 49.52 (2) (a) 4, the amount expended by the counties for general relief had been included. On November 2, 1967, the director of the department of public welfare for Wood County advised the division of public assistance that the method it used in computing the excess cost was not in accordance with law, and that an attorney general's opinion was being sought. On November 6, 1967, appellant Schmidt advised Wood County that if the attorney general ruled the department's interpretation of the statute improper, it would reimburse all counties on the basis of the attorney general's interpretation and within the limits imposed by appropriations available

for that purpose. On January 18, 1968, the attorney general advised that under sec. 49.52 (2) (a) 4, general relief should be excluded in determining the cost for any county for the year 1966–67 and the base year 1964–65, and that the department had misinterpreted the formula by including general relief in its computations.

On January 10, 1969, nearly a year after the opinion of the attorney general, Schmidt advised respondents that appellants would not follow the opinion since the attorney general's interpretation of sec. 49.52, Stats., the statute enacted by the legislature, did not conform with the program's intent as developed by the Task Force appointed to study the 1965 amendment to the Social Security Act. Schmidt served as chairman of the Task Force committee.

By excluding the item of general relief, Wood County claims the sum of $62,268.42 is due it for the year of 1966–67, and Milwaukee County claims the sum of $2,901,974.28 is due it for the same period. It is represented the total due the various Wisconsin counties for this period, by excluding the general relief item, is $4,010,241.34, and that there is an overpayment to three counties totaling $5,786.13.

Two issues are raised by the appellants:

(1) Is resort to mandamus precluded because other remedies at law are available?

(2) Does sec. 49.52 (2) (a) 4, Stats., require that general relief be excluded in computing excess cost to the counties in 1966–67 or the 1964–65 base year?

### Is resort to mandamus precluded?

The appellants contend that mandamus may not be maintained because several other plain, adequate and complete remedies exist. For reasons hereinafter stated, we consider this assertion to be without merit.

The trial court granted the appellants leave to file a motion to quash the alternative writ of mandamus although the motion was not made prior to the time for a return to the writ. This motion to quash was denied, and no appeal was taken from the order so denying the motion to quash. *State ex rel. Johnson v. County Court* (1968), 41 Wis. 2d 188, 163 N. W. 2d 6; *State ex rel. Hurley v. Schmidley* (1970), 48 Wis. 2d 659, 180 N. W. 2d 605.

After the appellants' motion to quash had been denied, the cases then proceeded to trial on the merits. After apparently four days of trial the court entered judgment directing a peremptory writ of mandamus.

We are now asked to reverse the judgment of the trial court because the respondents were precluded from resorting to mandamus. We do not consider it necessary to here discuss the other possible remedies appellants suggest were available to the respondents. Mandamus is a discretionary writ and the order of the trial court will not be reversed except for abuse of discretion. *Menzl v. Milwaukee* (1966), 32 Wis. 2d 266, 275, 145 N. W. 2d 198. We find no abuse of discretion by the trial court in this case.

Also, under the facts of this case we are of the opinion that *State ex rel. Racine County v. Schmidt* (1959), 7 Wis. 2d 528, 97 N. W. 2d 493, is sound authority supporting the judgment of the trial court:

". . . Even where mandamus was determined not to be a proper remedy, however, this court has, in order to avoid unnecessary delay in the determination of public questions, treated an action in mandamus as if it were an action for declaratory relief. Thus a final decision has been reached with a minimum of uncertainty. . . .

"Where the sole question is one of law and the moving party chooses mandamus for his remedy, there is ordinarily little reason to require him to change the form of his action into one for declaratory relief. It is true that

in the present situation complications may arise as noted by the trial court, . . . It may well be that these complications put the question of propriety of mandamus within the discretion of the circuit court. Even so, we conclude that where the circuit court within its discretion decided that mandamus was not the appropriate remedy, the court should have expedited the matter by following the suggestion of the *Young* and *Silgen Cases* and proceeding as if the action in so far as it pertains to sec. 51.08 were an action for declaratory relief." *State ex rel. Racine County v. Schmidt, supra,* pages 536, 537.

*Determination of county costs under sec. 49.52 (2) (a) 4.*

Appellants contend that the action in mandamus is improper because respondents did not establish a clear legal right to the performance of a duty which is positive, plain and unequivocal, and which does not require the exercise of discretion. However, the right of respondents to be reimbursed for excess costs, excluding general relief, is positive, plain and unequivocal, and an administrative officer has no discretion to disregard the language of a statute in performing his duties.

"It seems that the administrator misunderstands his discretion here.

" ' "Every statute to some extent requires construction by the public officer whose duties may be defined therein. Such officer must read the law, and he must therefore, in a certain sense, construe it, in order to form a judgment from its language what duty he is directed by the statute to perform. But that does not necessarily and in all cases make the duty of the officer anything other than a purely ministerial one. If the law direct him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then that act is ministerial, although depending upon a statute which requires, in some degree, a construction of its language by the officer." ' *Roberts v. United States ex rel. Valentine* (1900), 176 U. S. 221, 231, 20 Sup. Ct. 376, 44 L. Ed. 443, as cited in

*State ex rel. Krause v. Jones* (1928), 196 Wis. 464, 468, 220 N. W. 373." *Walter Laev, Inc. v. Karns* (1968), 40 Wis. 2d 114, 119, 120, 161 N. W. 2d 227.

Appellants also contend that, since appellant Schmidt is charged by law with the administration of sec. 49.52 (2) (a) 4, Stats., his interpretation of the statute is entitled to great weight. However, the rule that the practical interpretation of a statute by the officers charged with its enforcement is entitled to great weight in construing a statute, does not apply unless the administrative practice is long continued, substantially uniform and without challenge by government authorities and courts. *Department of Taxation v. Miller* (1942), 239 Wis. 507, 300 N. W. 903, 2 N. W. 2d 362. In this case the administrative construction was not long continued and met with immediate challenge by the county government officials directly interested in its application. One of the reasons for the weight accorded long, continued construction by administrative officers charged with interpreting the statute, is the apparent acquiescence of the legislature in this interpretation. *Marinette T. & W. RR. Co. v. Railroad Comm.* (1928), 195 Wis. 462, 218 N. W. 724; *Union Free High School Dist. v. Union Free High School Dist.* (1934), 216 Wis. 102, 256 N. W. 788; *City of Milwaukee v. Milwaukee County* (1940), 236 Wis. 7, 294 N. W. 51; *Forsberg Paper Box Co. v. Department of Taxation* (1961), 14 Wis. 2d 93, 109 N. W. 2d 457; *Green v. Jones* (1964), 23 Wis. 2d 551, 128 N. W. 2d 1. Nor is this a case of apparent legislative acquiescence in administrative interpretation. Subsequent to the request of the counties for correction of the computation of excess costs, two bills were introduced in the legislature in late 1967 to amend the language of sec. 49.52 (2) (a) 4, so as to include the costs of general relief in computing excess costs; and neither bill was passed.

Moreover, administrative interpretation of a statute is of significance only where there is an ambiguity in the

statute. The practical interpretation by an administrative officer cannot overcome the plain wording of an unambiguous statute. *Chicago & N. W. Ry. v. Public Service Comm.* (1969), 42 Wis. 2d 274, 166 N. W. 2d 143; *National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 163 N. W. 2d 625; *Nelson v. Ohio Casualty Ins. Co.* (1966), 29 Wis. 2d 315, 139 N. W. 2d 33.

Sec. 49.52 (2) (a) 4, Stats., specifically refers to the cost to any county as determined under this section. The cost as determined under that section specifically excludes general relief. The intent of the legislature, as expressed in the language of the statute, was to provide that the counties be reimbursed for excess costs in 1966–67 in the categories of aid enumerated in that section.

On this appeal, it is conceded by appellants that costs for general relief must be excluded for the year 1966–67. However, appellants argue that sec. 49.52 (2) (a) 4, Stats., is silent with regard to whether general relief should be excluded for the 1964–65 base year. The statute refers to 1964–65 as the base year. This must mean the base year for the costs referred to in that section which excludes the cost of general relief.

Appellants also contend that the necessity of recomputation of the figures to be included in the various enumerated categories for the year 1964–65 makes reimbursement of the amount due respondents sufficiently uncertain so as to preclude respondent from resorting to mandamus. However, the uncontradicted testimony at the trial clearly showed that with the exception of the general relief figures, the amounts in the formula expended by the counties for the enumerated categories of public assistance were correct. Appellants contend, however, that the figures must be recomputed because the passage of ch. 590, Laws of 1965, effective July 1, 1966, resulted in the shift of general relief benefits in 1964–65

to some of the enumerated assistance programs in 1966–67. However, there is nothing in the excess cost provision, sec. 49.52 (2) (a) 4, Stats., which calls for the exercise of any discretion in compensating for the shift in 1966–67 from general relief to categorical aids.

The testimony at trial showed that appellant Schmidt relied primarily on the Task Force Report for his interpretation of the statute in deciding what categories of assistance were to be included in the excess cost formula, and chose to ignore the mandate of the legislature. However, the intentions of the Task Force committee cannot be used to change the meaning of an unambiguous wording of a statute.

". . . [L]egislative acts must be construed from their own language, uninfluenced by what the persons introducing or preparing the bill actually intended to accomplish by it. . . . *Estate of Matzke* (1947), 250 Wis. 204, 208, 26 N. W. 2d 659.

". . . The meaning of a legislative act must be determined from what it says—not by what the framer of the act intended to say or what he thought he was saying. The question always is what did the legislature mean, not what the framer meant, and that meaning must be drawn from the language used in the act in view of the purpose of the legislature as expressed in its act or facts of which the court can take judicial notice." *Moorman Mfg. Co. v. Industrial Comm.* (1942), 241 Wis. 200, 208, 5 N. W. 2d 743.

*Interest on amount due from the state.*

Respondents' motion to review seeks modification of the judgment insofar as it denies interest on the amount due. Respondents contend they are entitled to legal interest from October 30, 1967, on the amount found due and owing from the state.

In *Milwaukee v. Firemen Relief Asso.* (1969), 42 Wis. 2d 23, 165 N. W. 2d 384, this court held that a delay in

payment of money due from a governmental unit carries with it the obligation to pay interest for deprivation of its use and that this obligation exists regardless of the absence of statutory direction.

"We are satisfied that the legislative definition of the legal rate of interest, sec. 138.04, Stats., should be construed as being declaratory of the common law as it now exists and as applicable to all legal entities, including all branches of government, unless specifically exempted by legislative enactment." *Milwaukee v. Firemen Relief Asso., supra,* page 39.

The court specifically declared the obligation to pay interest applicable to the state. The court, however, went on to say that the enforceability of collecting interest against the state was conditioned by the immunity of the state from suit.

". . . [T]he obligation to pay interest is applicable to all forms of government, including the state. As in *Holytz,* the enforceability of the right, herein declared, to collect interest against the state is conditioned by its constitutional immunity from suit, subject to such exceptions and under terms as may be determined by the legislature." *Milwaukee v. Firemen Relief Asso., supra,* page 41.

The immunity of the state from suit by virtue of art. IV, sec. 27, of the Wisconsin Constitution is a procedural rather than substantive immunity.

". . . As we have made absolutely clear in *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, the immunity from substantive liability is totally different from the procedural immunity that the sovereign state obtains when it is free from unconsented lawsuits in Wisconsin by virtue of art. IV, sec. 27, of the Wisconsin Constitution. . . . The state's immunity to suit has nothing to do, except in the practical procedural aspect, with the question of the state's substantive obligation to pay interest. . . ." *Milwaukee v. Firemen Relief Asso., supra,* page 34.

A procedural means of suit against state officers is provided by writ of mandamus.

We consider *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, and *Milwaukee v. Firemen Relief Asso., supra,* as precedent for determining that the respondents are entitled to interest at the legal rate from October 30, 1967, upon the unpaid balance of the state aid due them as provided in sec. 49.52 (2), Stats. The judgment of the trial court is so modified to provide for the payment of such interest and, as modified, the judgment is affirmed.

*By the Court.*—Judgment modified and, as modified, affirmed.