WILBUR J. SCHMIDT, Secretary Department of Health and SocialServices
You inquire whether sec. 49.52, Stats., permits your Department to advance funds to counties, on an estimated *Page 391 
basis, to meet the Federal and State share of categorical aids paid by the counties, including expenses connected with the administration of such aids together with the costs of administration of the medical assistance program. Assuming such advances are authorized by the statute, you further inquire as to whether the counties' estimated pro rata share of medical assistance may be deducted from such advances.
Section 49.52 (1), Stats., relating to Federal aid, provides in part that from Federal funds for categorical aids, "the state shall reimburse from these moneys to each county the percentage as computed of the total amount expended by such county in each program." For the administration of the categorical aids, "the state shallreimburse the counties the amount earned by each county for such administration . . . ." (Emphasis supplied.)
Section 49.52 (2), Stats., relating to State aid, provides in part that: "The state aid to which any county shall be entitled shall be determined according to the amount expended by the county . . . including servicesperformed or purchased by the county agency . . . ." (Emphasis supplied.)
The general rule is to give statutory words and phrases their common and approved usage excepting technical words and phrases which have a peculiar meaning in the law. Nekoosa-Edwards Paper Co. v. PublicService Comm. (1959), 8 Wis.2d 582, 99 N.W.2d 821; PerryCreek C. Corp. v. Hopkins Ag. Chem. Co. (1966),29 Wis.2d 429, 435, 139 N.W.2d 96. This rule has been expressly recognized by the Wisconsin Legislature. Sec.990.01 (1), Stats.
The cited subsections of sec. 49.52, Stats., clearly preclude your Department from making advance payments in this matter. The common dictionary meaning of the term "reimburse" is to pay back, to make restoration or payment of an equivalent to. Webster's Seventh NewCollegiate Dictionary. The word "reimbursement" presupposes previous payment. Words and Phrases, "reimbursement." The common dictionary meaning of the word "expend" is to pay out. Webster's Seventh NewCollegiate Dictionary.
Before a county is entitled to be reimbursed for its expenses in the categorical aid program, the conditions specified *Page 392 
by the statute must be fulfilled. Future obligations cannot be equated with yesterday's debts in the face of the language of the cited statute. It is well established that where there is no ambiguity or doubt as to the meaning of the language used in the statute, there is no room for construction, and the statute must apply as it is written. Kieckhefer Box Co. v. JohnStrange Paper Co. (1923), 180 Wis. 367, 189 N.W. 145. Intentions cannot be imputed to the legislature except those to be gathered from the terms of the law. Estateof Ries (1950), 257 Wis. 453 49 N.W.2d 483. In construing a statute, the courts are not at liberty to disregard the plain, clear words of the statute. Statev. Pratt (1967), 36 Wis.2d 312, 153 N.W.2d 18.
You indicate that your opinion request was prompted by the fact that county appropriations for categorical aid programs, in many instances, are not adequate due to rising costs in welfare. It may well be that the pertinent statute in this matter needs correction in light of present day circumstances. Basically, however, this is a legislative problem. An administrative officer has no discretion to disregard the language of a statute in performing his duties. Milwaukee County v. Schmidt
(1970), 52 Wis.2d 58.
It should be noted that the legislature has anticipated the situation where a county is financially unable to perform its duties in connection with categorical aid programs. I refer, of course, to sec. 49.52 (5), Stats., wherein certain proof to a county's financial condition is required, and wherein certain procedures are set forth. Also, see Rule PW-PA 20.14. This subsection relates to a county's obligation being assumed by the State. It has no direct bearing on the question of advance payments raised in your opinion request.
Section 49.52 (1) and (2), Stats., clearly reflects the legislative intention to reimburse counties for categorical aids only after expenses have been incurred or payments have been made. Accordingly, your Department has no statutory authority to advance funds for categorical aid programs and administrative costs in anticipation of county expenses. As Mr. Justice Holmes observed: "There is no cannon against using common sense in construing laws as saying what they *Page 393 
obviously mean." Roschen v. Ward (1929), 279 U.S. 337,49 S.Ct. 336, 73 L.ed. 722.
RWW:WLJ